IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NÉLIDA RAMOS SANTOS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEREMÍAS HERNÁNDEZ NOGUERAS, et. al.,<br><br>    Defendants. | CIVIL NO.: 11-1105 (FAB) |

**OPINION AND ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Nélida Ramos Santos ("Ramos" or "plaintiff") sued her employer, the "Cuerpo de Bomberos de Puerto Rico" (the Puerto Rico Fire Department, translation ours) ("PRFD"), as well as PRFD employees, Carmen Rodríguez Díaz ("Rodríguez"), Jeremías Hernández Nogueras ("Hernández"), and the Commonwealth of Puerto Rico (the "Commonwealth"), alleging, *inter alia*, sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 and various Puerto Rico anti-discrimination laws. Dkt. No. 1.  On April 6, 2012, the Commonwealth, the PRFD, and Rodríguez moved for summary judgment on all of plaintiff's claims, Dkt. No. 93, and Hernández followed suit on April 9, 2012, Dkt. No. 102.  Plaintiff filed responses in opposition to both motions. Dkt. Nos. 108-11.  Pending before the court is defendants' joint motion to strike portions of plaintiff's opposition.  Dkt. No. 140.  Plaintiff has filed a response in opposition to that motion and defendants have filed a reply. Dkt. Nos. 146, 155.

On June 8, 2012, however, the court dismissed all claims against Hernández, rendering his motion for summary judgment moot. Dkt. Nos. 146, 149, 152. Accordingly, the motion to strike, Dkt. No. 140, is also moot with respect to Hernández. With respect to the remaining defendants, the motion is granted in part and denied in part, for the reasons set forth below.

## II.     ANALYSIS

Defendants have moved to strike portions of plaintiff's opposition on the following three grounds: (1) her alleged failure to comply with her discovery obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(ii); (2) her failure to authenticate certain documents as per Federal Rule of Evidence 901; and (3) her failure to cite to specific portions of the summary judgment record as per Rule 56 of the Local Rules of the District of Puerto Rico ("Local Rule 56"). Each of these contentions will be addressed in turn.

### A.     Failure to Comply With Rule 26(a)

Defendants move to strike Exhibit Numbers 3, 4, 5, and 7 to plaintiff's response in opposition to defendants' statement of proposed uncontested facts, Dkt. Nos. 108-3, 108-4, 108-5, and 108-7, which are also attached with the same exhibit numbers to plaintiff's additional statement of proposed uncontested facts, Dkt. Nos. 111-3, 111-4, 111-5, and 108-7, on the grounds that plaintiff never produced these documents as part of her initial disclosures during the discovery stage of this case. Dkt. No. 140, pp. 2-5.[1] Plaintiff does not contest that she never produced said documents to defendants. Dkt. No. 147, pp. 3-5. Federal Rule of Civil Procedure 26(a)(1)(A)(ii), provides, in pertinent part, that a litigant must provide the other parties "a copy—or a description by category and location of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the

---

[1] The corresponding English translations of these exhibits are at Docket Nos. 133-1, 133-3, 133-4, 133-7, 133-8, 133-9, 133-10, and 133-11.

use would be solely for impeachment." The Federal Rules also prohibit a party from using as evidence to a motion any document that it was obligated to produce under Rule 26(a) but that it failed to so produce, unless that failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Therefore, plaintiff may not use these documents to support her summary judgment motion unless they are used solely for impeachment purposes or unless her failure to produce them was substantially justified or is harmless.

Plaintiff makes no argument in defense of her failure to produce the documents at Exhibits 5 and 7, nor is it evident from the record that she used them solely for impeachment purpose. Exhibit 5 is a check from Guaraguao Truck Sales made out to Condado Travel in the amount of $818.20. Dkt. No. 108-5. Plaintiff has used it only to support her own affirmative proposed fact that said check was issued at Hernández's request by a PRFD supplier to fund a staff trip to a conference in New Mexico. Dkt. No. 108, ¶ 75; 111, ¶ 10. Therefore, this document was not used to impeach any of defendants' statements or proposed facts. Plaintiff appears to argue that her failure to produce the check was harmless because it was "solicited by c-defendant [sic] Jeremías Hernández, with full knowledge of C. Rodríguez, as informed by plaintiff to her in July 2010." Dkt. No. 147, p. 4. Plaintiff supports this statement with a citation to her second amended complaint and her own answers to interrogatories. Plaintiff cannot rely on her own statements to prove that a given defendant already had knowledge of a certain document and was thus unprejudiced by her failure to produce that document. These statements are merely allegations that plaintiff will eventually have to prove at trial. Further, plaintiff has made no argument to justify her failure to produce this document. Therefore, Exhibit 5 is stricken from the summary judgment record.

Exhibit 7 is a copy of Section 8.2 of Puerto Rico Law No. 184 of August 3, 2004, the Human Resources Administration System Law, which is codified at 3 L.P.R.A. § 1464a. Plaintiff has used this document to support her own additional proposed fact that she was entitled to retain the same salary benefits that she had in her trust position upon reinstatement to a career position, as per the cited section of law. This is a legal argument rather than a proposed fact and therefore, regardless of whether or not plaintiff produced a copy of the law to defendants, it is stricken because it is irrelevant insofar as the facts of this case are concerned. See Fed. R. Evid. 401(a) ("Evidence is relevant if it has any tendency to make a *fact* more or less probable than it would be without the evidence.") (emphasis added), 402 Fed. R. Evid. ("Irrelevant evidence is not admissible."). Any legal arguments that plaintiff may have asserted based on this provision of law in her memorandum of law will be duly considered.

As to Exhibit Numbers 3 and 4, plaintiff argues that she need not have disclosed them because she is using them for impeachment purposes only. Because both of these exhibits may indeed be used to call into question the credibility of one of defendants' proposed facts, they will be considered for this purpose only. Defendants' proposed fact number 14 states that Rodríguez had lost her trust in plaintiff "prior to August 16, 2010," because plaintiff had held meetings with the president of the Firefighters Labor Union and gave him official documents that were published in the union's newsletter, called "La Chispa," which was "in contravention to [sic] an expressed order that Rodríguez had given that each and every visit by the President of said Union had to be notified to her and with her prior approval." Dkt. No. 91, ¶ 14. Plaintiff used Exhibits 3 and 4 to support her denial of this proposed fact. Dkt. No. 108, ¶ 14. Although plaintiff's explanation for her denial is somewhat vague, Exhibits 3 and 4 do cast doubt on whether these alleged meetings in fact took place prior to August 16, 2010.

Exhibit 3 is a memorandum issued by Rodríguez to "all personnel" dated November 22, 2010, which states that "days ago," Rodríguez noted that "sensitive privileged agency information has been disclosed to the news media, to internal circulation journals, and to persons who do not work with the Puerto Rico Firefighters Corps, without my consent." Dkt. No. 133-2. It is possible that a jury could find that the memorandum pertained to the order that Rodríguez contends she gave regarding meetings with the union president, especially as the "La Chispa" newsletter would appear to be a type of "internal circulation journal." Because this memorandum was issued in November of 2010, it casts doubt on the credibility of Rodríguez's assertion that she lost her trust in plaintiff "prior to August 16, 2010." Defendants argue that the memorandum does not impeach Rodríguez's assertion because the fact that it was issued in November "does not mean that it was not verbally issued <u>before</u> the date it was put in writing." Dkt. No. 155, p. 3, ¶ 4 (emphasis in original). While this may be true, the memorandum does state that Rodríguez became aware of the disclosure of agency information "days ago," which could lead a jury to find that she was referring the documents that defendants claim plaintiff gave to the union president. If so, this would indicate that Rodríguez became aware of plaintiff's actions a few days before November 22, 2010, which would impeach her assertion that this occurred prior to August 16, 2010. Therefore, the memorandum may be used to support plaintiff's motion for impeachment purposes.

Exhibit 4 is a copy of a page from the "La Chispa" newsletter, dated September 2010, which includes an article titled "Sexual Harassment in the Top Spheres of the Firefighter Corps." Dkt. No. 133-3. It states, in pertinent part, that the Firefighter's Union "has received first-hand information related to a complaint filed by the Director of the Administration Office against one of the closest aids of Fire Chief Carmen Rodríguez." Dkt. No. 133-3. It continues to say that "in

addition to formulating administrative charges, complaints have been filed at the federal sphere and also with the office of the Special Attorney for Women's Affairs," and that "[w]e have the number of the complaint filed with the Equal Employment Opportunity Commission."  Dkt. No. 133-3.  In her opposing statement of facts, plaintiff states that this article "mentioned the fact that [plaintiff] was leaving her position as Director of Administration."  Dkt. No. 108, ¶ 14.  This is an inaccurate description of the article, and if the article were as plaintiff described it, it would have no apparent relevance to Rodríguez's asserted reason for losing her trust in plaintiff.  As defendants correctly contend, this article describes the sexual harassment complaint that plaintiff filed internally with the PRFD and with the Equal Employment Opportunity Commission ("EEOC").  Dkt. No. 155, p. 3, ¶ 4.  Although plaintiff has failed to elucidate this point in her opposition, this could arguably be the newsletter publication that allegedly caused Rodríguez to lose her trust in plaintiff.  The publication indicates that it received "first hand" information, which likely would have come from plaintiff, meaning that a jury could find that this was the disclosure that plaintiff allegedly made to the union president.  Further, the article states that the union has the number of the EEOC complaint, which could lead a jury to find that plaintiff shared the EEOC complaint, a confidential document, with the union.  Therefore, Exhibit 4 could lead a jury to conclude that the incident that Rodríguez claims caused her to lose her trust in plaintiff occurred not prior to August 16, 2010, but in September of 2010 when the "La Chispa" article in Exhibit 4 was published.  Accordingly, Exhibit 4, as well as Exhibit 3, benefit from the exception to Rule 26's disclosure requirements and will not be stricken, but will be considered for impeachment purposes only.

B.      **Failure to Authenticate Documents**

Next, defendants argue that plaintiff failed to authenticate Exhibits 1, 4, 5, and 7, and that said exhibits should thus be stricken as inadmissible. Dkt. No. 140, p. 5, ¶ 9. This argument need not be addressed as to Exhibits 5 and 7 as they have already been stricken. Exhibits 1 and 4sufficiently complies with the admissibility requirements of the Federal Rules for summary judgment purposes

Documentary evidence must be authenticated in order to be admissible. Fed. R. Evid. 901. This may be done by producing "evidence sufficient to support a finding that the [document] is what the proponent claims it is," which includes the testimony of a witness to this effect. Id. At summary judgment, this is typically done by attaching either deposition testimony or an affidavit or unsworn statement of a witness indicating that the document is what it what the proffering party claims it is. See Wright, Miller & Kane, Federal Practice & Procedure § 2722 (3d ed.). Furthermore, it is well settled that "[e]vidence that is inadmissible at trial . . . may not be considered on summary judgment." Vázquez v. López Rosario, 134 F.3d 28, 33 (1st Cir. 1998). However, a recent amendment to Federal Rule of Civil Procedure 56 indicates that evidence need not necessarily be presented in an admissible form at summary judgment, as long as the proponent shows that it can be presented in an admissible form at trial. See Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). The official commentary to the 2010 amendments to this rule states that subdivision (c)(2) functions similar to an evidentiary objection at trial, but "adjusted for the pretrial setting." It further explains that "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible

7

form that is anticipated." Id. Therefore, if plaintiff failed to authenticate Exhibit 1, it should still be considered if she adequately explained how they may be authenticated at trial.

In her response in opposition to defendants' proposed facts, plaintiff stated that Exhibit 1 consisted of purchase orders that Hernández submitted for the purchase of pots, pans, and measuring spoons. Dkt. No. 108, ¶ 13. She did not attach an affidavit or unsworn statement to this effect, but she did state in her opposition to the instant motion that the aforementioned description of those documents was based on her personal knowledge and that she can properly identify and authenticate them at trial. Dkt. No. 147, p. 7, ¶ 9. This is sufficient for purposes of Fed. R. Civ. P. 56(c)(2). Although plaintiff technically should have made this statement in her summary judgment submission, and could easily have properly authenticated the documents with by attaching an affidavit, the court, in its discretion, admits this exhibit for purposes of the pending dispositive motion. See Vince v. Posadas de Puerto Rico, S.A., 683 F. Supp. 312, 313-14 (D.P.R. 1988) (choosing to consider inadmissible evidence on summary judgment) (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).[2]

As for Exhibit 4, the article from the "La Chispa" newsletter, it is the type of document that is self-authenticating as per Federal Rule of Evidence 902 and thus requires no extrinsic evidence in order to be admitted. That Rule lists newspapers and periodicals as well as "official publications," meaning any "publication purporting to be issued by a public authority," as documents that are self-authenticating. Fed. R. Evid. 902(5) and (6). The newsletter is a

---

[2] Exhibit 1, however, is irrelevant to the sole issue to be decided in the pending summary judgment motion, which is whether plaintiff was demoted in retaliation for having filed an EEOC complaint and/or for having reported that Hernández allegedly asked a supplier for money for a PRFD staff trip to New Mexico. The purchase orders in Exhibit 1 are used to support plaintiff's assertion that, as part of her work duties, she rejected certain purchase orders submitted by Hernández because they involved unnecessary expenditures. This assertion does not relate to Rodríguez's decision to demote plaintiff.

periodical publication and it is also published by the PRFD Labor Union, a type of public authority, as the PRFD is a public agency.  Accordingly, neither Exhibit 1 or 4 will be stricken.

### C. Failure to Comply with Local Rule 56

Defendants' final assertion is that several of plaintiff's denials of defendants' proposed facts fail to include specific citations to the record in violation of Local Rule 56, which requires that denials of an opposing party's proposed facts "be followed by a citation to the specific page or paragraph of identified record material supporting the assertion."  Defendants have listed fifteen different facts that they assert are unsupported as per Local Rule 56, and all except for three of those assertions are correct, as follows.  Plaintiff's paragraph 10 is stricken because it is unsupported by any record citation.  Paragraphs 50, 56, 57, 58, 62, 67, 68, 69, 70, 75, and 76 are all supported, at least in part, by a citation to plaintiff's Exhibit 6, which is her unsworn statement, but do not include a page or paragraph number.  Therefore, the listed paragraphs are all stricken insofar as they rely on plaintiff's Exhibit 6.  However, several of those paragraphs also cite other exhibits.  Therefore, the portions of those paragraphs that rely on those other exhibits are not stricken.  Defendants also move to strike paragraph number 14 because it does not include any page or paragraph; however, that paragraph cites a one-page document and each paragraph of that document is relevant to the denial contained in that paragraph.  Therefore, paragraph 14 will not be stricken.  And finally, defendants move to strike plaintiff's paragraph numbers 54 and 55 because they cite only to plaintiff's declaration, with no page or paragraph number.  Those paragraphs, however, do not require a citation because plaintiff's denial is essentially an objection to the form of defendants' proposed facts numbered 54 and 55.  In those proposed facts, defendants state that plaintiff's PRFD administrative complaint and her EEOC complaint about Hernández "hinged for the most part on labor related matters of a non-sexual

nature." Dkt. No. 91, ¶¶ 54-55. Plaintiff correctly objects that those statements are characterizations and that her complaints, which defendants have presented as exhibits, speak for themselves. A characterization of plaintiff's statements is not a fact and therefore it is defendants' proposed facts 54 and 55 that will be stricken from the summary judgment record.

### III. CONCLUSION

In accordance with the foregoing analysis, defendants' motion to strike, Dkt. No. 140, will be granted in part and denied in part as follows: plaintiff's Exhibits 5 and 7 are stricken, paragraph number 10 of plaintiff's response in opposition to the motion for summary judgment is stricken, and paragraphs number 50, 56, 57, 58, 62, 67, 68, 69, 70, 75, and 76 are stricken insofar as they rely on plaintiff's Exhibit 6. Paragraph number 14 in plaintiff's response in opposition to the motion for summary judgment shall not be stricken.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 11th day of July, 2012.

/s Marcos E. López  
U.S. Magistrate Judge